**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC C. MCCOLLISTER | : | |
| Appellant | : | No. 1636 EDA 2018 |

Appeal from the PCRA Order Entered April 25, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002043-2007

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 30, 2019**

Eric C. McCollister appeals *pro se* from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Although he was represented by several different attorneys prior to trial, McCollister acted *pro se* at his 2008 jury trial. The Commonwealth presented evidence that in 2006, McCollister broke into the home of his former employer, beat him, poured dishwashing liquid over him, and stole $8,000 in cash from a dresser drawer. *See* Trial Court Opinion, filed October 19, 2009, at 2. The jury convicted McCollister of burglary, criminal trespass, two counts of robbery, two counts of aggravated assault, and simple assault.[1]

---

[1] 18 Pa.C.S.A. §§ 2702, 3503, 3701, 3502, and 2701, respectively.

McCollister was represented by counsel at his sentencing hearing. The Commonwealth presented evidence that McCollister had twice been convicted in Delaware for burglaries of residences where people were present. Due to the prior convictions, the court imposed a 25-year, mandatory minimum sentence under Pennsylvania's "three strikes law." **See** 42 Pa.C.S.A. § 9714(a)(2). The aggregate sentence was 40 years to life imprisonment. McCollister filed a post-sentence motion and direct appeal.[2] This Court affirmed McCollister's judgment of sentence on August 30, 2010. **See Commonwealth v. McCollister**, 11 A.3d 1042, No. 1401 EDA 2009 (Pa.Super. 2010) (unpublished memorandum). McCollister did not seek review in the Supreme Court of Pennsylvania.

McCollister filed a *pro se* PCRA petition on January 5, 2015. The PCRA court appointed counsel, who filed an Amended Petition. The PCRA court issued notice of its intent to dismiss the petition based on its untimeliness. **See** Pa.R.A.P. 907. McCollister filed a *pro se* response. The PCRA court thereafter appointed new PCRA counsel, who filed a Second Amended Petition.

The Second Amended Petition, which included the arguments of the Amended Petition, asserted that McCollister's petition was timely because it was filed within 60 days of the order in **Commonwealth v. Armstrong**, 107 A.3d 735 (Pa., filed December 30, 2014), in which the Supreme Court held that a third-strike sentence under Section 9714(a)(2) requires prior

---

[2] McCollister was represented by counsel for his post sentence motion, but represented himself on direct appeal.

sentencing as a second-strike offender. *Id.* (adopting the reasoning set forth in *Commonwealth v. Armstrong*, 74 A.3d 228, 239-42 (Pa.Super. 2013)).

The Second Amended Petition also argued that McCollister's third-strike sentence was illegal according to *Alleyne v. United States*, 570 U.S. 99 (2013), which held that a trial court cannot increase a minimum sentence based upon a preponderance of the evidence, and that *Alleyne* should be applied retroactively to cases on collateral review pursuant to *Montgomery v. Lousiana*, 136 S.Ct. 718 (2016). The Second Amended Petition further argued McCollister's third-strike sentence was illegal because Section 9714(a)(2) was unconstitutionally vague, and advanced claims of trial counsel ineffectiveness.

The court held an evidentiary hearing. At the hearing, in addition to the claims raised in his Second Amended Petition, McCollister raised the claim that his pretrial counsel was ineffective for failing to communicate a plea deal. McCollister alleged he discovered this alleged failure during the course of the PCRA proceedings. McCollister also asserted his petition was timely due to governmental interference during the sentencing proceedings, and that it was timely due to the decision of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which struck a federal sentencing statute as unconstitutionally vague. McCollister testified at the hearing, as did his pretrial counsel and the trial prosecutor. Following the hearing, the PCRA court dismissed the petition as untimely.

McCollister appealed,[3] and filed a request to proceed *pro se*. We remanded the case for the PCRA court to conduct a ***Grazier*** hearing. Order, 9/17/18 (*per curiam*). The PCRA court conducted a hearing, allowed counsel to withdraw, and appointed standby appellate counsel. McCollister now represents himself on appeal.

Our standard of review of an order denying relief under the PCRA "is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018)).

McCollister has raised 12 issues, spanning two full pages, which do not correspond to the argument sections of his brief. ***See*** Pa.R.A.P. 2119(a). We review only those arguments McCollister presents on appeal that address the timeliness of his petition, as we find this issue dispositive.

---

[3] This is the second time McCollister filed a direct appeal from the order dismissing his petition. After McCollister filed his first appeal, the PCRA court permitted PCRA counsel to withdraw. This Court issued an order directing the PCRA court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), to ensure McCollister had made a valid waiver of his right to counsel. Order, 4/25/17 (*per curiam*). The PCRA court conducted a ***Grazier*** hearing, and determined that McCollister had knowingly, intelligently, and voluntarily waived his right to appellate counsel. Nonetheless, this Court vacated the dismissal order and again remanded the case, instructing the PCRA court to conduct another ***Grazier*** hearing before allowing counsel to withdraw. ***See Commonwealth v. McCollister***, No. 663 EDA 2017 (Pa.Super. 2018) (unpublished memorandum). The PCRA court conducted a second ***Grazier*** hearing, and denied counsel's petition to withdraw. The PCRA court then dismissed McCollister's PCRA petition a second time, and McCollister filed the instant appeal.

The timeliness of a PCRA petition is a jurisdictional prerequisite; if a petition fails to satisfy the statutory timeliness requirements, a PCRA court has no jurisdiction to grant relief. *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). A PCRA petition must be filed within one year of the date the petitioner's judgement of sentence becomes final, which is at the conclusion of direct review or the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(1), (3). As McCollister's 2015 petition was not filed within one year of the expiration of the time to seek review in the Pennsylvania Supreme Court, *i.e.*, by September 29, 2011, it is facially untimely.

A petition filed after the one-year deadline may be deemed timely if one of three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i-iii). If an exception applies, the petitioner must prove the petition was filed within 60 days of the earliest date it might have been filed. *Id.* at § 9545(b)(2).[4]

First, McCollister argues that his petition is timely under Section 9545(b)(1)(iii) in light of *Johnson*. McCollister asserts that *Johnson* "illuminates how [Section 9714] suffer[s] from vagueness, numerous interpretations, arbitrary enforcement, and 6th and 14th Federal Constitutional amendment concerns." McCollister's Br. at F (Summary of Argument). McCollister further contends that *Welch v. United States*, 136 S.Ct. 1257 (2016), held that *Johnson* announced a substantive rule of law that applies retroactively on collateral review. *Id.* at F (Summary of Argument), 34, 37-50.

The *Johnson* and *Welch* decisions do not render McCollister's petition timely under Section 9545(b)(1)(iii). A petition is only timely under this exception when it asserts a constitutional right that the Supreme Court of the United States or the Supreme Court of Pennsylvania has recently recognized and held to apply retroactively. *Id.* at § 9545(b)(1)(iii), (b)(2). In order for this exception to apply, the statute McCollister challenges, 42 Pa.C.S.A. § 9714(a)(2), must have been held unconstitutional at the time he filed his petition. However, as the Pennsylvania Supreme Court has explained,

---

[4] 42 Pa.C.S.A. § 9545(b)(2) has since been amended to allow a petitioner one year to file a petition. The amendment applies to claims arising on or after December 24, 2017, and thus does not apply to McCollister's 2015 petition.

*Johnson* and *Welch* addressed a federal sentencing statute; their holdings did not apply to state prisoners, or make PCRA claims based on allegedly similar Pennsylvania sentencing statutes timely under Section 9545(b)(1)(iii). *Commonwealth v. Spotz*, 171 A.3d 675, 681-82 (Pa. 2017).[5]

Next, McCollister advances the argument that his petition is timely under Section 9545(b)(1)(i). McCollister argues the government misrepresented at sentencing that McCollister was a third strike offender. McCollister also argues the Commonwealth misrepresented that the court had jurisdiction to apply the three-strike mandatory minimum, and McCollister relied on this misrepresentation, but the court did not have jurisdiction, because the Commonwealth did not provide notice of its intent to seek the mandatory minimum on the criminal information. McCollister asserts that *Armstrong* supports his claim of that the court lacked jurisdiction. *See* McCollister's Br. at F (Summary of Argument), 1-3, 6-8, 10, 14-17.

The governmental interference exception only applies when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

---

[5] Although McCollister does not argue on appeal that *Armstrong*, *Alleyne*, or *Montgomery* qualify his petition as timely under Section 9545(b)(1)(iii), we note the PCRA court aptly concluded that they do not. *See* PCRA Ct. Op., filed 2/1/19, at 8-13. We reassert that *Armstrong* did not recognize a new constitutional right and hold it to apply retroactively; *Alleyne* does not apply retroactively, *see Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2014); *Montgomery* does not affect *Alleyne*'s retroactivity; and *Alleyne* does not extend to mandatory minimums based on prior convictions, *see Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa.Super. 2015)).

laws of this Commonwealth or the Constitution or laws of the United States."
42 Pa.C.S.A. § 9545(b)(1)(i). Here, the Commonwealth offered a legal
position at the sentencing hearing that McCollister now seeks to challenge;
McCollister has not asserted that the Commonwealth interfered with his ability
to raise arguments against application of the three-strikes law at sentencing,
on direct appeal, or in a timely PCRA petition.[6] The governmental interference
exception therefore does not apply.

McCollister also claims the Commonwealth interfered with his ability to
challenge the application of Section 9714 to his case because the prosecutor
misrepresented at sentencing that a witness relevant to the prior convictions
was dead, and that McCollister learned on February 13, 2019, that the witness
had not actually died until after sentencing. However, these factual allegations
post-date McCollister's PCRA petition, the proceedings on that petition, and
McCollister's appeal of the dismissal of that petition; they therefore have not
been reviewed by the PCRA court. This Court is unable to review claims in the
first instance, and we may not entertain this premature claim. **See** Pa.R.A.P.
302(a); **Commonwealth v. Greco**, 203 A.3d 1120, 1124 (Pa.Super. 2019).

Next, McCollister asserts that his petition is timely under Section
9545(b)(1)(ii) because he discovered during the PCRA proceedings that the
Commonwealth had offered McCollister a plea deal that his pretrial counsel
never communicated to him. McCollister argues that the PCRA court's finding

---

[6] In fact, McCollister raised the applicability of Section 9714 to his case on direct appeal. **See McCollister**, No. 1401 EDA 2009 at *10-13.

that his pretrial counsel had communicated the plea deal was an abuse of discretion and legal error. *See* McCollister's Br. at F (Summary of Argument), 18-19, 21-29, 31-33.

In its Rule 1925(a) opinion, the PCRA court explained that McCollister and his pre-trial counsel offered conflicting testimony at the evidentiary hearing regarding the communication of the plea deal. Counsel repeatedly testified that he had communicated the Commonwealth's offer to McCollister. The PCRA court credited counsel's testimony over McCollister's testimony, and found that McCollister's petition was not timely based on McCollister's discovery of the plea offer. PCRA Ct. Op. at 19. As the PCRA court's findings are supported by the record, we discern no error in its determination that McCollister's petition is not timely under Section 9545(b)(1)(ii).

Finally, McCollister advances that his PCRA counsel were ineffective for failing to properly present his claims. *See* McCollister's Br. at F (Summary of Argument), 4-5, 20-22, 26, 30, 32, 34-37. McCollister does not assert where in the record he preserved a claim of PCRA counsel ineffectiveness.[7]

We conclude these claims are premature. Counsel may not present claims of his or her own ineffectiveness, and a PCRA petitioner may not engage in hybrid representation. *Commonwealth v. Ford*, 44 A.3d 1190, 1199 (Pa.Super. 2012). Nor may an appellant present claims of PCRA counsel's

---

[7] Although the PCRA court addresses the merits of these claims in its Rule 1925(a) opinion, the PCRA court does not address whether the claims were ever properly before it.

ineffectiveness for the first time on appeal. *Id.* at 1200; *see also* ***Commonwealth v. Henkel***, 90 A.3d 16, 29 (Pa.Super. 2014) (*en banc*). Rather, "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." ***Ford***, 44 A.3d at 1200.

Here, the court held a hearing and did not issue a notice of dismissal, and McCollister remained represented by PCRA counsel until after he filed his notice of appeal. Therefore, McCollister was unable to raise claims of PCRA counsel's ineffectiveness before the PCRA court, and is precluded from raising them for the first time on appeal. We decline review of these claims, without prejudice to McCollister to raise them in a subsequent, timely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/19